IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,203-04






EX PARTE RAY CHARLES HAWKINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4-93-821 IN THE 114
TH DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child and
sentenced to twenty years' imprisonment. The Twelfth Court of Appeals dismissed his appeal. Hawkins
v. State, No. 12-06-00386-CR (Tex. App.-Tyler, delivered January 31, 2007, no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because she filed a
notice of appeal but failed to include the trial court's certification. Tex. R. App. P. 25.2(d). The trial court
concluded that Applicant was denied his right to appeal and recommended that we grant Applicant an out-of-time appeal. We believe that appellate counsel should have an opportunity to respond to Applicant's
claim. Accordingly, the trial court shall provide appellate counsel with the opportunity to respond.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent him at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make further findings of fact as to whether the performance of appellate counsel
was deficient and, if so, whether Applicant was denied his right to appeal. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: October 17, 2007

Do not publish